## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS KERN and DEBRA KERN,** | : | **CIVIL ACTION NO. 1:04-CV-2370** |
| | : | |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONAL R.V. INC., and** | : | |
| **GRUMBINE'S R.V. CENTER,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 14th day of November, 2005, upon consideration of

defendants' motion to strike (Doc. 23) plaintiffs' expert testimony and expert report,

and it appearing that plaintiffs have not filed a response to the motion, see L.R. 7.6

("Any party opposing any motion shall file a responsive brief . . . [or] be deemed not

to oppose such motion."), that the expert report, submitted as a rebuttal opinion,

does not contradict or rebut the report submitted by defendants but proffers new

opinions and information in support of plaintiffs' case-in-chief, and it further

appearing that plaintiffs were directed by order of court to disclose any expert

reports on or before August 1, 2005 (see Doc. 15), see FED. R. CIV. P. 26(a)(2)

(requiring that non-rebuttal expert reports be submitted "at least 90 days before

the trial date"), that plaintiffs' expert report was not disclosed until September 20,

2005 (see Doc. 23 ¶ 9), and that plaintiffs have not proffered any justification for

their failure to timely disclose the report, see FED. R. CIV. P. 37(c)(1) ("A party that

without substantial justification fails to disclose [expert testimony] . . . is not . . .

permitted to use as evidence . . . any witness or information not so disclosed."), and

the court finding that the admission into evidence of plaintiffs' expert testimony or

report , at this stage in the proceedings, would be prejudicial to defendants and

disrupt the orderly and efficient trial of this case, <u>see</u> <u>Nicholas v. Pa. State Univ.</u>,

227 F.3d 133, 148 (3d Cir. 2000) (stating that prejudice to opposing party and

disruption to judicial proceedings are factors to consider in excluding evidence

under Rule 37(c)), it is hereby ORDERED that:

1. The motion to strike (Doc. 23), CONSTRUED as a motion to exclude at trial plaintiffs' expert testimony and report, is GRANTED as so construed.  <u>See</u> FED. R. CIV. P. 37(c)(1); <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 148 (3d Cir. 2000); <u>see also</u> L.R. 7.6.

2. Plaintiffs shall be prohibited from introducing at trial any expert testimony or expert reports.  (<u>See</u> Doc. 23, Ex. C.)


        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge